UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21415-CIV-SCOLA/OTAZO-REYES

ROBERT M. LAWRENCE,

    Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Robert M. Lawrence's ("Plaintiff") Notice of Filing Affidavit of Attorneys' Fees [D.E. 41] and Notice of Filing Statement of Attorneys' Fees [D.E. 42] (hereafter, "Statements of Fees"). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 66]. For the reasons stated below, the undersigned RESPECTULLY RECOMMENDS that Plaintiff be awarded fees in the amount of $4,475.00.

## PROCEDURAL BACKGROUND

On April 20, 2016, Plaintiff brought this case against Defendant Bayview Loan Servicing, LLC ("Bayview" or "Defendant") asserting claims arising from Defendant's servicing of Plaintiff's mortgage loan. See Complaint [D.E. 1 at 1-2]. On December 5, 2016, Plaintiff filed a Motion to Compel, asking the Court to compel Defendant to respond to written discovery and requests for deposition [D.E. 21]. On December 19, 2016, the undersigned held a hearing on the Motion to Compel and issued an Order granting the Motion to Compel in part and overruling all non-privilege objections asserted by Defendant due to the untimeliness of the discovery

responses [D.E. 28 & 30]. The undersigned further found that Plaintiff was entitled to fees and costs "incurred in filing the Motion to Compel pursuant to Federal Rule of Civil Procedure 37," and directed Plaintiff to submit his statement of fees and costs [D.E. 28].

On January 10, 2017, Plaintiff filed his Statements of Fees, seeking to recover $5,430.00 in attorneys' fees [D.E. 41 & 42]. On January 31, 2017, Defendant filed its Opposition to Plaintiff's Statements of Fees (hereafter, "Response") [D.E. 53]. On February 8, 2017, Plaintiff filed a Reply in Support of Statements of Fees (hereafter, "Reply") [D.E. 61].

## DISCUSSION

Plaintiff's attorneys' fees request is composed of the following:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| George Andrews, Esq. ("Attorney Andrews") | 13.2 | $400.00 | $5,280.00 |
| Hillary Berry, Paralegal ("Paralegal Berry") | 1.2 | $125.00 | $150.00 |
| **Total** | **14.4** | | **$5,430.00** |

See Statements of Fees [D.E. 41 & 42].

Defendant objects to 1 hour billed in September 2016 for drafting the Motion to Compel and 1.7 hours billed in October and November 2016 for communications with opposing counsel prior to filing the Motion to Compel, arguing that this work is not recoverable in connection with filing the Motion to Compel. See Response [D.E. 53 at 1-2]. Defendant also objects to 4.6 hours billed for drafting the Motion to Compel and 5.5 hours billed for hearing preparation as excessive, and argues that 1.5 to 2 hours and 1 hour, respectively, are reasonable. Id. at 2-3.

After reviewing the time entries and the filings, the undersigned finds that only the hours billed in December 2016 to draft the Motion to Compel and to prepare for the hearing were "incurred in filing the Motion to Compel." See Order [D.E. 28]. Therefore, the undersigned finds that the following adjusted hours and rates are reasonable and recoverable:

2

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Attorney Andrews | 11.0 | $400.00 | $4,400.00 |
| Paralegal Berry | 0.6 | $125.00 | $75.00 |
| **Total** | **11.6** |  | **$4,475.00** |

See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) ("[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.")

## RECOMMENDATION

Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that that Plaintiff be awarded **$4,475.00** in attorneys' fees.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 16th day of March, 2017.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Robert N. Scola, Jr.
      Counsel of Record